## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

PENSION FUND OF LOCAL 227,
an employee benefit plan; BOB BLAIR,
and WILSON R. HERRERA, in their
capacities as Plan Trustees,

    Plaintiffs,

v.

RIVERFRONT ACQUISITION I, LLC
d/b/a BAY VUE NURSING AND
REHABILITATION CENTER,

    Defendant.
_____/

CASE NO.:

## COMPLAINT

The Pension Fund of Local 227 ("the Pension Fund") and two of the Pension Fund's Trustees, Bob Blair and Wilson R. Herrera, by their attorneys, for their complaint against defendant Riverfront Acquisition I LLC, doing business as Bay Vue Nursing and Rehabilitation Center ("Bay Vue"), assert as follows:

1.  This is an action by an employee benefit plan and its representative Trustees to compel defendant to consent to an audit of its books and records and to potentially collect delinquent contribution amounts owed to the Pension Fund, as required by defendant's collective bargaining agreement, the governing documents for the Fund, and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA").

## PARTIES

2.  The Pension Fund is an "employee benefit plan" within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and is established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, 29 U.S.C. § 186(c)(5). The Fund is a multi-employer plan under ERISA §§ 3(2), 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(2), 1002(37)

48205086

and 1301(a)(3). The Pension Fund is administered in Pembroke Pines, Florida. The Pension Fund is administered by a joint Board of Trustees, composed equally of representatives of employers and employees, which serves as "Plan Sponsor" and "Administrator" of the Fund within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16).

3.      Plaintiffs Bob Blair and Wilson R. Herrera serve on the Board of Trustees for the Pension Fund and are representative Trustees of the Pension Fund. Mr. Blair and Mr. Herrera each are "fiduciaries" with respect to the Pension Fund within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

4.      Bay Vue, upon information and belief, is a Florida corporation with offices and facilities in Bradenton, Florida. Its registered agent for service of process is Steven Gottlieb, 7751 West Broward Boulevard, Plantation, Florida 33324. Bay Vue is a participating employer in the Pension Fund and is subject to the Pension Fund of Local 227 Trust Agreement ("Trust Agreement").

## JURISDICTION AND VENUE

5.      The Court has jurisdiction to hear this matter pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145.

6.      Venue is proper in this Court under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Pension Fund is administered in this district and the breaches giving rise to this action took place in this district.

## BACKGROUND

7.      Defendant has been a party to collective bargaining agreements (the "Agreement") at all relevant times in question with the United Food and Commercial Workers Union Local No. 1625 (hereinafter "UFCW Local 1625").

8. The Agreement requires defendant to contribute specific monthly amounts to the Pension Fund in consideration of pension benefits provided by the Pension Fund to defendant's employees. Specifically: (a) Article 23 of the July 1, 2016 – March 1, 2019 Agreement requires defendant to contribute to the Pension Fund the amount of $17.00 per month for all full-time employees receiving paid hours over 120 hours in the month; (b) Article 23 of the March 1, 2019 – February 28, 2022 Agreement requires defendant to contribute to the Pension Fund the amount of $17.00 per month for all full-time employees receiving paid hours over 120 hours in the month; and (c) Article 23 of the March 1, 2022 – February 28, 2025 Agreement requires defendant to contribute to the Pension Fund the amount of $23.00 per month for all full-time employees receiving paid hours over 120 hours in the month. Copies of the Agreements between Bay Vue and UFCW Local 1625 are labeled as Exhibits A, B, and C and attached to this Complaint.

9. Defendant is party to and bound by an Employer Participation Agreement that it signed with the Pension Fund in December 2007. Among other things, the Participation Agreement states that "the Company adopts and agrees to be bound by all of the terms and provisions of the Pension Fund of Local 227 Trust Agreement" and "agrees to be bound by all actions taken by the Trustees of the Fund pursuant to the powers granted them by the Trust Agreement, to include, without limitation, the rules, regulations and benefit Fund(s) adopted by the Trustees." (Participation Agreement, Ex. D. at ¶ 1.) A copy of the Participation Agreement is labeled as Exhibit D and attached to this Complaint.

10. Defendant is a party to and bound by the Trust Agreement. Section 8.1 of the Pension Fund's Trust Agreement obligates the defendant to make timely contribution payments to the Pension Fund as required by the Agreement. A copy of the Trust Agreement is labeled as Exhibit E and attached to this Complaint.

11. Defendant has refused to submit to a standard audit by the Pension Fund's professionally contracted auditors for the period of January 1, 2017 to December 31, 2018

despite the Pension Fund's authority to perform such an audit and, as such, potential amounts due the Pension Fund are unknown.

12. Sections 7.3(r) and 8.3 of the Trust Agreement and the Pension Fund's Payroll Audit Policy ("Audit Policy") authorize the Pension Fund to collect the cost of the audit of an Employer's payroll records where the Employer fails timely to pay following demand for repayment. A copy of the Audit Policy is labeled as Exhibit F and attached to this Complaint.

13. Section 8.3 of the Trust Agreement authorizes the Trustees to establish rules and regulations establishing reasonable interest and liquidated damages to be added to any discovered delinquent contributions.

14. Pursuant to Section 8.3 of the Trust Agreement, the Trustees have prescribed rules governing delinquencies, which provide that the Pension Fund's recovery rights include the recovery of all costs and reasonable attorney's fees. In pertinent part, the Pension Fund's rules provide as follows:

> The Trustees shall notify any Employer of a delinquency, mistake or discrepancy in its report or contribution. With respect to Employers which refuse or fail to make contributions or a correct report, the Trustees shall have authority to establish rules and regulations providing for liquidated damages and interest to be added to any delinquent contributions and to take such legal action, including proceedings at law, in equity or, if the Trustees so choose to submit the issue, in arbitration, as in their discretion may be necessary to collect contributions, interest and liquidated damages assessed by them and to recover from any delinquent contributor on behalf of the Plan all costs and reasonable attorney's fees incurred in connection therewith.

### COUNT I:  BREACH OF TRUST AGREEMENT RULES (AUDIT)

15. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 14 above and incorporate the same as though fully set forth herein word for word.

16. Due demand has been made upon the defendant in accordance with the Trust Agreement and the Pension Fund's Payroll Audit Policy for access to its books and records to

4

perform an audit in order to determine any amounts due and owing the Pension Fund, but said defendant has ignored all said requests.

17. Because defendant may not have made timely and prompt contributions on behalf of all covered employees, the corpus of the Pension Fund's trust fund could be reduced, plaintiff's income reduced, and its ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Pension Fund's employee benefit plan have been violated, and the plaintiffs are entitled to all of the remedies provided by ERISA.

## COUNT II:  VIOLATION OF ERISA SECTION 515

18. Plaintiffs reallege and incorporate Paragraphs 1 through 17, above, as if fully set forth herein.

19. ERISA § 515, 29 U.S.C. § 1145 provides that "[e]very employer who is obligated to make contributions to a multi-employer plan . . . under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of . . . such agreement."

20. Despite repeated requests by the Pension Fund to submit to an audit of its books and records, defendant may have failed and refused to contribute in a timely manner all of the amounts required by the Agreement and by the Trust Agreement. Specifically, defendant may have failed to make required contributions on a timely basis to the Pension Fund for covered services rendered by defendant's employees for the period January 1, 2017 to the present.

21. As a result of its potential failure to make timely contributions in accordance with the Agreement, defendant may have violated ERISA § 515, 29 U.S.C. § 1145.

22. ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), requires that, upon entry of judgment in favor of the Pension Fund to enforce ERISA § 515, the Court shall award the Pension Fund interest on the delinquent contributions, liquidated damages, and attorneys' fees and costs incurred by the Pension Fund in recovering the delinquent payments.

**COUNT III:  BREACH OF TRUST AGREEMENT RULES (DELINQUENCY)**

23. Plaintiffs reallege and incorporate the allegations of paragraphs 1 through 22, above, as if set forth fully herein.

24. As a result of its potential failure to make contributions in accordance with the Agreement, defendant has violated the terms of the Trust Agreement.

25. Based upon the Trust Agreement's and the Pension Fund's delinquency rules, defendant may be liable to the Pension Fund for delinquent interest, liquidated damages, payroll audit costs, and the expenses of collection incurred by the Pension Fund, including attorneys' fees and costs.

**WHEREFORE**, Plaintiffs request judgment:

A. Awarding the Pension Fund any delinquent contributions owed by the defendant pursuant to ERISA § 515, 29 U.S.C. § 1145, and pursuant to the terms of the Trust Agreement and the Pension Fund's delinquency rules;

B. Awarding the Pension Fund any accrued interest and liquidated damages pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), and pursuant to the terms of the Trust Agreement and the Pension Fund's delinquency rules;

C. Awarding the Pension Fund expenses of collection incurred, including awarding the Pension Fund an amount equal to attorneys' fees and costs of this action;

D. Awarding the Pension Fund the costs of its audit of defendant's payroll records pursuant to the terms of the Trust Agreement and Audit Policy;

E. Requiring defendant henceforth to contribute to the Pension Fund in a timely manner and as required by the Agreement, the Trust Agreement, and the Pension Fund's rules;

F. An order directing defendant to submit to an audit of the company's books and records by the Pension Fund's designated representative for the period January 1, 2017 to June 30, 2022; and

G. Awarding such other and further equitable and legal relief as the Court shall deem appropriate.

48205086

Dated this 1st day of November, 2022.

*Attorneys for Plaintiff Pension Fund*

PHILLIPS RICHARD & RIND, P.A.
9360 SW 72nd Street, Suite 283
Miami, FL  33173
T. 305-412-8322
F. 305-412-8299
Email:  kphillips@phillipsrichard.com

By: */s/ Kathleen Phillips*
    Kathleen Phillips
    Fla. Bar. No.: 28773


Philip O'Brien (SBN 1015549)*
Malinda J. Eskra (SBN 1064353)*
REINHART BOERNER VAN DEUREN, S.C.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
T. 414-298-1000
F. 414-298-8097
Email: pobrien@reinhartlaw.com
Email: meskra@reinhartlaw.com

*Pro Hac Pending*